UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY CRAIG,   Civil Action No.: 18-11553
Honorable Richard H. Cleland
Plaintiff   Magistrate Judge Elizabeth A. Stafford

v.

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.

_____/

**REPORT AND RECOMMENDATION ON CROSS-
MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 10, 15]**

Plaintiff Mary Craig appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B) and (C). The Court **RECOMMENDS** that:

- Craig's motion [ECF No. 10] be **DENIED**;
- the Commissioner's motion [ECF No. 15] be **GRANTED**; and
- the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

I.   **BACKGROUND**

A.   **Background and Disability Application**

Born May 14, 1960, Craig was 53 years old on the date of application, and she alleged an onset date of April 7, 2012. [ECF No. 5-2, Tr. 15; ECF No. 5-5, Tr. 159]. Her last insured date was December 31, 2015. [ECF No. 5-2, Tr. 17]. She has past relevant work as a manager of an insurance office. [*Id.*, Tr. 24]. Craig claimed disability from multiple sclerosis, complex partial seizures, demyelinating disease, migraines, limb numbness and pain, eye problems, arthritis, depression, losing balance, chronic tiredness and trouble sleeping. [ECF No. 7-6, Tr. 181].

After a hearing in August 2017, during which Craig and a vocational expert (VE) testified, the ALJ found her not disabled. [ECF No. 7-2, Tr. 15-25]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-3]. Craig timely filed for judicial review. [ECF No. 1].

B.   **The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

3

the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Craig was not disabled. At the first step, he found that Craig had not engaged in substantial gainful activity from her alleged onset date and her last insured date. [ECF No. 7-2, Tr. 17]. At the second step, he found that Craig had the severe impairments of "multiple sclerosis, a seizure disorder, osteoarthritis, and migraine headaches." [*Id.*, Tr. 17]. The ALJ did not find Craig to suffer from a severe mental illness. [*Id.*]. Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 17-18].

Between the third and fourth steps, the ALJ found that Craig had the RFC to perform light work except that she could never climb ladders, ropes, or scaffolds; could occasionally climb ramps or stairs; was limited to frequent handling of objects and fingering, bilaterally; and must avoid all exposure to vibration, all hazardous, moving machinery, and all unprotected heights. [*Id.*, Tr. 18]. At step four, the ALJ found that Craig could perform her past relevant work. [*Id.*, Tr. 23]. At the final step, after considering Craig's age, education, work experience, RFC and the testimony of the VE, the ALJ also concluded that Craig could perform other

4

jobs that existed in significant numbers in the national economy, including general claims agent, manager title and risk and insurance manager. [*Id.*, Tr. 24].

## II.   ANALYSIS

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Craig argues that the ALJ erred at step three by failing to engage in sufficient analysis and failing to obtain an expert medical opinion about medical equivalency. [ECF No. 10]. The Court finds that Craig's arguments lack merit and that the ALJ's decision should be affirmed.

**A.**

Craig first argues that the ALJ failed to properly analyze whether her impairment meets or medically equals Listing 11.09.  "A claimant must satisfy all of the criteria to meet the listing."  *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 653 (6th Cir. 2009) (citing 20 C.F.R. § 404.1525(c)(3).  An impairment is medically equivalent to a listing if "it is at least equal in severity and duration to the criteria of any listed impairment."  20 C.F.R. § 1526(a).  "An administrative law judge must compare the medical evidence with the requirements for listed impairments in considering whether the condition is equivalent in severity to the medical findings for any Listed Impairment."  *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 415 (6th Cir. 2011).  To support her argument that the ALJ committed reversible error by failing to properly analyze Listing 11.09, Craig "must point to specific evidence that demonstrates he [or she] reasonably could meet or equal every requirement of the listing."  *Smith–Johnson v. Comm'r of Soc. Sec.,* 579 F. App'x 426, 432 (6th Cir. 2014)*.*  "Absent such evidence, the ALJ does not commit reversible error by failing to evaluate a listing at Step Three."  *Id.* at 433.

6

Here, at step three, the ALJ wrote, "As discussed below, the medical evidence does not contain the objective signs, symptoms or findings, or the degree of functional limitations, necessary for the claimant's impairments, considered singly or in combination, to meet or equal the severity of any sub-section of section 11.02, 11.09, 12.02, 12.04, 14.09, or any other section contained in Appendix 1." [ECF No. 7-2, Tr. 17]. Craig describes this as the ALJ's entire discussion, while the Commissioner emphasizes that the ALJ explicitly stated that the evidence would be discussed in the remainder of the decision. The Commissioner also correctly notes that the whole record should be considered when examining whether an ALJ's listing decision is supported by substantial evidence.

> The language of 20 C.F.R. § 404.1526 does not state that the ALJ must articulate, at length, the analysis of the medical equivalency issue. It states that the ALJ should review all evidence of impairments to see if the sum of impairments is medically equivalent to a 'listed impairment.' This is exactly what the ALJ did. The ALJ described evidence pertaining to all impairments, both severe and non-severe, for five pages earlier in his opinion and made factual findings. The ALJ explicitly stated that he considered the combination of all impairments even though he did not spell out every fact a second time under the step three analysis.

*Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006). *See also Bradford v. Sec'y of Dep't of Health & Human Servs.*, 803 F.2d 871, 873

7

(6th Cir. 1986) ("Within the record was substantial evidence indicating plaintiff did not meet the listings.").

The Court agrees with the Commissioner that Craig has failed to sustain her burden of showing that she meets or medically equals Listing 11.09, which applies to claimants with multiple sclerosis. A claimant meets Listing 11.09(A) if she has disorganizing of motor function in two extremities causing an extreme limitation in her "ability to stand up from a seated position, balance while standing or walking, or use the upper extremities." Under Listing 11.09(B), a claimant must show that she has marked limitation in physical functioning and in "understanding, remembering, or applying information," "interacting with others," "concentrating, persisting, or maintaining pace" or "adapting or managing oneself."

Craig cites evidence that she was diagnosed with multiple sclerosis. [*Id.*, PageID.455, citing ECF No. 7-7, Tr. 248, 261-62, 264, 286-87; ECF No. 7-9, Tr. 335, 375, 388, 399, 403, 407]. This diagnosis says nothing about its disabling effects. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). And the evidence does not support her claim that she meets or equals Listing 11.09(A) or (B).

8

## 1. *Listing 11.09(A)*

Craig states that the medical evidence shows that she has suffered numbness, weakness and deformity in her fingers and right hand. [ECF No. 10, PageID.455, citing ECF No. 7-7, Tr. 280; ECF No. 7-9. PageID.335]. As noted, Craig can meet Listing 11.09(A) with evidence that she has an extreme limitation in the use of her upper extremities. Listing 11.00(D)(2)(c) describes the evidence needed to show such an extreme limitation:

> Inability to use your upper extremities means that you have a loss of function of both if she has a loss of function in both of her upper extremities (including fingers, wrists, hands, arms, and shoulders) that very seriously limits your ability to independently initiate, sustain, and complete work-related activities involving fine and gross motor movements. Inability to perform fine and gross motor movements could include not being able to pinch, manipulate, and use your fingers; or not being able to use your hands, arms, and shoulders to perform gross motor movements, such as handling, gripping, grasping, holding, turning, and reaching; or not being able to engage in exertional movements such a lifting, carrying, pushing, and pulling.

Treating physician Henry Mendoza, M.D., opined that Craig could use both hands, fingers and arms for activities only for 40% to 50% of an eight-hour day. [ECF No. 7-9, Tr. 335]. The ALJ gave little weight to this "partially illegible" opinion "because the expressed short-term time

9

constraints of the restrictions do not make the opinion persuasive in addressing her longitudinal physical condition. Further, the medical evidence of record, especially the diagnostic test results, shows that the claimant is not as limited as credited in these restrictions." [ECF No. 7-2, Tr. 23]. The Court infers that the ALJ found the constraints to be short-term because Dr. Mendoza described Craig's prognosis as guarded and wrote that she was responding "fairly well" to treatment. [*Id.*].

Craig did not challenge the weight the ALJ gave to Dr. Mendoza's opinion; to the contrary, she "acknowledge[d] that the ALJ addressed Dr. Mendoza's opinion in accordance with the applicable case law and social security rulings." [ECF No. 10, PageID.455]. But Craig alleges that the ALJ did not specifically address the handling and fingering limitation. [ECF No. 10, PageID.455]. That is false; the ALJ described Dr. Mendoza's opinion about Craig's ability to use her upper extremities when giving the opinion little weight. [ECF No. 7-2, Tr. 22]. And Craig does not challenge the ALJ's finding that the medical evidence does not support the degree of limitations to which Dr. Mendoza opined. Instead, she cites her own testimony that she had numbness in her fingers and that working on a keyboard causes pain in fingers. [ECF No. 10, PageID.455-56, citing ECF No. 7-2, Tr. 42, 44]. This testimony, even if fully credited, is not enough for

10

Craig to sustain her burden of showing that she had extreme limitations in both of her upper extremities.

Other evidence cited by the ALJ cited also undermines Craig's allegation of extreme limitations in her extremities. He cited the November 2014 treatment notes of Devinder Bhrany, M.D., which stated that Craig had normal strength in her upper and lower extremities "although she walks slowly and cautiously," and had "no clear sensory deficits." [ECF No. 7-2, Tr. 21, citing ECF No. 7-8, Tr. 308-09]. In May 2016, Faisal Ahmad, M.D., found her to have full strength in her upper and lower extremities, intact sensation and a normal gait. [ECF No. 7-2. Tr. 21, citing ECF No. 7-9. Tr. 399]. Craig also had "[b]risk reflexes, normal strength and gait" when Dr. Ahmad saw her in September 2016. [ECF No. 7-2, Tr. 21, citing ECF No. 7-9, Tr. 404]. This evidence supports the ALJ's finding that Craig did not have an extreme limitation in her upper extremities as required by Listing 11.09(A).

### 2.  *Listing 11.09(B)*

In an attempt to meet or equal Listing 11.09(B), Craig alleges that she had a marked limitation in physical functioning and maintaining concentration, persistence and pace. [ECF No. 10, PageID.456]. A marked limitation in physical functioning is found when a claimant's

11

"neurological disease process causes persistent or intermittent symptoms that affect [her] abilities to independently initiate, sustain, and complete work-related activities, such as standing, balancing, walking, using both upper extremities for fine and gross movements, or results in limitations in using one upper and one lower extremity." Listing 11.00(G)(2)(a). The records Craig relies on do not show that her multiple sclerosis interferes with her abilities to stand, balance, walk or otherwise use her lower extremities.

Craig cites a November 2012 report from Eric Zimmerman, D.O., which says, "Her leg drags and goes numb sometimes. She has hip pain, muscle pain and weakness like she has been riding a horse all day." [ECF No. 10, PageID.456, citing ECF No. 7-7, Tr. 280]. Craig also relies on Dr. Bhrany's November 2014 report which describes her as sometimes losing her coordination and having numbness in her limbs, but also notes normal strength in her extremities and no sensory deficits. [ECF No. 10, PageID.456, citing ECF No. 7-7, Tr. 396-97]. In February 2015, Dr. Bhrany reported Craig's complaints of numbness in her left leg and both hands, but found no sensory deficits. [ECF No. 10, PageID.456, citing ECF No. 7-9, Tr. 335]. And Craig cites a January 2017 record from Dr. Mendoza stating that she reported pain and swelling of "some joint on her hands and

everywhere," but also that her "[n]eurological examination is intact, within normal limits." [ECF No. 10, PageID.456, citing ECF No. 7-9, Tr. 375].

Finally, Craig cites a March 2015 report from Nita Kulkarni, M.D. [ECF No. 10, PageID.456, citing ECF No. 7-9, Tr. 387-89]. The report states that the musculoskeletal exam showed "++fingers joints pain, redness or ++swelling," and that the neurological exam showed "++numbness, tingling or ++weakness in any of the extremities. No speech problems, no vision or balance changes." [*Id.*]. It is unclear what Dr. Kulkarni meant here; the "++" might refer to positive findings, but she repeatedly used the word "or" when describing the symptoms. Regardless, Dr. Kulkarni also wrote that Craig "walks for exercise," which is inconsistent with a finding that she had a marked limitation in physical functioning.

And as noted, evidence in the record shows Craig as having a normal gait, normal strength and intact sensation. [ECF No. 7-8, Tr. 308-09; ECF No. 7-9. Tr. 399, 404]. She has not sustained her burden of showing that she had a marked limitation in physical functioning, as necessary to meet or equal Listing 11.09(B).

**B**.

Craig asserts that the ALJ committed reversible error by failing to obtain an expert medical opinion about medical equivalence of Listing

13

11.09. Previously, Social Security Ruling (SSR) 96-6p "require[d] that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight." 1996 WL 374180, at *3 (SSA July 2, 1996). *See also Fowler v. Comm'r of Soc. Sec.,* No. 12–12637, 2013 WL 5372883, at *12-*13 (E.D. Mich. Sept. 25, 2013) (collecting cases) ("[O]nce a hearing is requested, SSR 96-6p is applicable, and requires a medical opinion on the issue of equivalence.").

But by the time of the August 2017 decision below, the relevant portion of SSR 96-6p had been superseded. SSR 17-2p states that an ALJ need not obtain evidence from a medical expert on equivalence if the "evidence does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment." 2017 WL 3928306, at *4 (SSA Mar. 27, 2017). *See also Marvin v. Comm'r of Soc. Sec.*, No. 1:17-CV-330, 2018 WL 4214339, at *3 n. 3(W.D. Mich. Aug. 10, 2018), *adopted*, 2018 WL 4208682 (W.D. Mich. Sept. 4, 2018) ("[T]he Social Security Administration has clarified that an ALJ is not required to obtain a

14

medical expert's opinion before making a finding that an individual's impairments do not meet or equal a listing impairment.").[2]

For the reasons already stated, the evidence does not reasonably support a finding that Craig's impairment medically equals a listed impairment. With the evidence that Craig had a normal gait, normal strength and intact sensation, [ECF No. 7-8, Tr. 308-09; ECF No. 7-9. Tr. 375, 399, 404], there is no reasonable support for her claim that her impairment "is at least equal in severity and duration to the criteria" of Listing 11.09. The ALJ's decision should therefore be affirmed.

### III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Craig's motion [ECF No. 10] be **DENIED**; that the Commissioner's motion [ECF No. 15] be **GRANTED**; and that the ALJ's decision be **AFFIRMED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
Dated: May 20, 2019                     United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

---

[2] Even under the SSR 96-6p standard, the lack of opinion was harmless if the claimant did not meet her burden of showing that she met or equaled a listing. *See Bukowski v. Comm'r of Soc. Sec.*, 2014 WL 4823861 (E.D. Mich. Sept. 26, 2014) (harmless error when "remand for further medical opinion would yield the same conclusions already reached by the ALJ.").

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

16

limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 20, 2019.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager